UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In the matter of: )<br>)<br>**KRISTI HOOPER, as Mother and** )<br>**Legal Custodian** )<br>**of C. H., a minor** )<br>)<br>    **Plaintiff,** )<br>)<br>v. )<br>)<br>**NANCY BUCKNER, in her** )<br>**official capacity as the** )<br>**Commissioner of the Alabama** )<br>**Department of Human** )<br>**Resources;** )<br>**ERIC MACKEY, in his** )<br>**official capacity as the** )<br>**State Superintendent of the Alabama** )<br>**Department of Education, et al.,** )<br>)<br>    **Defendants.** ) | CASE NO.: _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Kristi Hooper, as Mother and Next Friend of C. H., by and through undersigned counsel, hereby submits this Complaint against Defendants and alleges as follows:

**A.  PRELIMINARY STATEMENT**

1. The United States Department of Justice (DOJ) has uncovered deeply concerning evidence of the State of Alabama's discriminatory practices against

1

children with disabilities residing in residential treatment facilities (RTFs). These illegal and damaging practices have resulted in the systematic segregation of these children in on-site "schools" in RTFs as opposed to general education facilities. These facilities and this segregation have deprived these children of the opportunity to partake in general education settings and have denied them access to education of equal or equivalent quality as their non-disabled peers. Such blatant discrimination has inflicted severe harm on these children, starkly contravening the protections and equal opportunities assured to them under the Americans with Disabilities Act (ADA).

2. In their sobering letter of findings, the DOJ detailed a pattern of discrimination perpetrated by the State of Alabama, with notable instances of the State's systematic segregation of children with disabilities. This reprehensible treatment obstructs these children from interacting with their non-disabled peers and limits their access to equivalent educational opportunities. Moreover, the State's abject failure to integrate these children into general education settings and its reluctance to ensure parity in educational opportunities further amplifies the gravity of this discrimination. Consequently, these children receive subpar instruction, inadequate resources, and inferior support, clearly violating the ADA's provisions.

3. This is an action for monetary damages related to Defendants' discriminatory behavior as prohibited under the Americans with Disabilities Act of 1990 (ADA).

4. The ADA applies to Defendants' behavior in this case specifically through Title II, which states plainly that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity. 42 U.S.C. § 12132.

5. C. H., the individual for whom this claim is brought, is a qualified individual with a disability protected under Title II of the ADA. A "disability" means a physical or mental impairment that substantially limits one or more of the major life activities of such individual and a record of such an impairment or being regarded as having such an impairment . . ." 28 C.F.R. § 35.104. In the current case, one or more of the Defendants determined that C. H. did indeed have a disability and required C. H. to be housed at Sequel Courtland.

6. To comply with the ADA, public entities must "administer services, programs, and activities in the most integrated setting appropriate to the needs of qualified individuals with disabilities." 28 C.F.R. § 35.130(d).

7. In the current case, Defendants failed to provide an integrated setting and even failed to evaluate C. H. for such integration.

8. As a proximate cause of Defendants' failures, and the provision of inferior services, C. H. suffered educationally, financially, and socially.

9. Plaintiff therefore demands judgment against Defendants and requests, among other things, compensatory damages, statutory damages, attorneys' fees, and costs.

**B.   PARTIES**

    **a.   PLAINTIFF**

10. Plaintiff, Kristi Hooper, at all times relevant hereto, was a resident and a citizen of the State of Alabama. Plaintiff brings this action on behalf of C. H., a minor under the age of nineteen (19), as Mother and Legal Custodian. Defendants were required by federal law to provide educational opportunities to C. H. pursuant to the ADA. C. H. suffered severe injuries as a result of Defendants' failure to comply with the ADA and provide sufficiently integrated educational opportunities.

11. C. H. was placed by Defendant(s) in Sequel Courtland on or about April 2019. Prior to being placed at Sequel Courtland., C. H. had reached the 6th Grade in the Cullman County school system.

12. As a proximate result of Defendants' failure to comply with the ADA, C. H. suffered the injuries described herein. Plaintiff accordingly seeks damages associated with these injuries.

    **b.   DEFENDANTS**

13. Defendant Nancy Buckner is the Commissioner of the Alabama Department of Human Resources (DHR). Buckner is being sued in her official capacity only. DHR's headquarters is in Montgomery, Alabama. DHR is, among other things,

responsible for "develop[ing] resources or the care of dependent, neglected, abused, or exploited clients and provide inspections of these resources for the purpose of ascertaining that their capacity and adequacy comply with prescribed standards.[1]" and "licensing all institutions and agencies, except those under State ownership and control or exempt from licensing by law, caring for, receiving, or placing minor children."[2]

14. C. H. was in the custody of DHR at the time of placement in Sequel Courtland.

15. Defendant Eric Mackey is the Superintendent of the Alabama Department of Education (DOE). Mackey is being sued in his official capacity only. The headquarters of DOE is in Montgomery, Alabama. The purpose of the Alabama Department of Education is ". . . to assist in executing the policies and procedures authorized by law and by regulations of the State Board of Education."[3] Further, Alabama statutes provide "the State Board of Education shall exercise, through the State Superintendent of Education and his professional assistants, general control and supervision over the public schools of the state . . ."[4]

16. C. H.'s education was, at least in part, the responsibility of the DOE.

---

[1] ALA. ADMIN. CODE r. 660-1-2-.01(2)(e) (1983).
[2] *Id.* at (2)(f).
[3] Ala. Code § 16.2.2.
[4] Ala. Code § 16-3-11.

## C. JURISDICTION AND VENUE

17. This Court has jurisdiction over this claim pursuant to 28 U.S.C. §§ 1331 and 1343.

18. Venue is proper in the Middle District of Alabama pursuant to 28 U.S.C. § 1391 because: (i) each Defendant is headquartered within the District and have sufficient contacts with this District to subject it to personal jurisdiction at the time this action is commenced; and (ii) the acts and omissions giving rise to this claim have occurred within the District.

## D. RELEVANT FACTUAL BACKGROUND

### DOJ REPORT

19. The DOJ conducted a thorough investigation regarding violations of Title II of the ADA. By employing more resources than is available to C.H. and securing the apparent cooperation of the State of Alabama's counsel and official throughout the investigation, the DOJ produced a report generated on October 12, 2022, which will be referenced herein as "The Report" and is incorporated by reference as Plaintiff's Exhibit "A."

20. C. H.'s experiences are consistent with the experiences of other children as outlined in The Report.

21. The Report devotes considerable time to not only outlining Alabama's responsibilities under the ADA for children similarly situated to C. H., but also providing a persuasive statement of the legal posture of the ADA for these children.

22. The Report also publicizes the findings of an investigation conducted by DOJ, which supports Plaintiff's claims about damages C. H. suffered due to the Defendants' noncompliance with the ADA. It details interviews with persons of authority within the Defendants' programs, revealing a lack of processes for considering whether students similarly situated to C. H. could attend a general education school for even part of the day.

23. The Report documents the specific and systematic failure of Defendants to provide equal educational opportunities to students similarly situated to C. H.

24. The Report cites the Defendants' failure to monitor the instructional hours, the quality of instruction, and the instructor certifications and qualifications of programs like Sequel Courtland in which C. H. was placed.

25. C. H.'s experiences at Sequel Courtland, including being deprived of educational opportunities by the Defendants, are consistent with the experiences of other children as detailed in The Report.

26. As discussed above, C. H.'s experience at Sequel Courtland was so inadequate as to cause severe injury to C. H. C. H. has been subjected to discrimination because of C. H.'s then existing disability, a status protected by the ADA.

### E.     LEGAL CLAIM

### COUNT I
### TITLE II OF THE AMERICANS WITH DISABILITIES ACT,
### 42 U.S.C. §§ 12131 *et seq.*

27. Plaintiff incorporates by reference all previous paragraphs of the Complaint herein.

28. C. H. received primarily "A" and "B" grades in school and was never held back while in the general education system.

29. Before being placed in Sequel Courtland, Plaintiff is unaware of any screening process that was performed by Defendants to determine the greatest point of educational integration available to C. H.

30. While at Sequel Courtland, C. H. received an education that was substantially inferior to the education that they had received previously. Further, such education was substantially inferior to the educational opportunities that they would have received at an ordinary public school.

31. C. H. was at all times confined to Sequel Courtland while enrolled at Sequel Courtland. C. H. was deprived of any opportunity to interact with non-disabled peers outside of Sequel Courtland.

32. Plaintiff avers that while at Sequel Courtland, the education was inferior because Sequel Courtland did not provide any educational opportunities or support

that comported with C. H.'s educational abilities and needs to further advance C. H.'s education experience and/or level.

33. C. H. was at Sequel Courtland for approximately four months.

34. At no time did C. H. oppose educational placement in a community integrated system.

35. At no time did C. H. receive adequate access to specialized or evidence-based educational and therapeutic support and services from a qualified professional.

36. When C. H. left Sequel Courtland he was substantially behind where he was expected to be in the ordinary course of his C. H.'s educational growth.

37. While at Sequel Courtland C. H. suffered, or witnessed others suffering, due to the inappropriate use of restraint and seclusion methods for controlling student behavior.

38. Because of the inferior education that C. H. received at Sequel Courtland, C. H. has been unable to increase his educational and technical abilities that would allow them to progress in their education and later become a functioning and able member of society.

39. Title II of the ADA and its regulations provide that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity,

or be subjected to discrimination by any such entity." 42 U.S.C. § 12132; *see also* 28 C.F.R. Part 35.

40. Defendants are public entities subject to Title II of the ADA, 42 U.S.C. § 12131.

41. C. H. is a person with a disability within the meaning of 42 U.S.C. § 12102.

42. Defendants intentionally violated C. H.'s rights under the ADA regulations by excluding them from participation in and denying them the benefits of Defendants' services, programs, and activities on the basis of disability, and by subjecting them to discrimination in violation of 42 U.S.C. § 12132.

43. Defendants otherwise intentionally discriminated against C. H. in violation of 42 U.S.C. § 12132.

44. As a direct and proximate cause of Defendant's violations of the ADA, C. H. has suffered and continues to experience severe and grievous mental and emotional suffering, humiliation, stigma, and other injuries they will continue to suffer.

**F.    PRAYER FOR RELIEF**

Wherefore, Plaintiff requests the following relief:

    A.    Find that Defendants violated federal law;

    B.    Find in favor of Plaintiff;

    C.    Award Plaintiff compensatory damages;

    D.    Award Plaintiff his/her reasonable attorney's fees and costs under 42 U.S.C. § 1988 and/or other applicable statutes;

    E.    Plaintiff specifically requests only those remedies which are not available under the Individuals with Disabilities Education Act (IDEA); and

    F.    Any other relief deemed necessary.

*/s/ Thomas E. James*
Thomas E. James (JAM023)
*Attorney for Plaintiff*

**OF COUNSEL**:
**TOMMY JAMES LAW**
4220 Cahaba Heights Court – Suite 210
Birmingham, Alabama 35243-5731
Telephone: (205) 259-1725
tommy@tommyjameslaw.com

*/s/ Jeremy Knowles*
Jeremy Knowles (KNO016)
*Attorney for Plaintiff*

**OF COUNSEL:**
**MORRIS HAYNES, Attorneys at Law**
3500 Blue Lake Drive – Suite 200
Birmingham, Alabama 35243
Telephone: (205) 324-4008
Facsimile: (205) 324-0803
jknowles@mhhlaw.net

/s/ *James Caleb Cunningham*
James Caleb Cunningham (CUN018)
*Attorney for Plaintiff*

**OF COUNSEL**:
Levin, Papantonio, Rafferty, Proctor,
Buchanan, O'Brien, Barr & Mougey, P. A.
316 South Baylen Street
Suite 600
Pensacola, Florida 32502
Email: ccunningham@levinlaw.com

**SERVE BY CERTIFIED MAIL**:
Nancy Buckner
c/o Alabama Department of Human Resources
50 North Ripley Street
Montgomery, Alabama 36103

Eric Mackey
c/o Alabama Department of Education
Post Office Box 302101
Montgomery, Alabama 36104